COLE, P. J., Concurring and Dissenting
I respectfully dissent from the conclusion that the trial court correctly dismissed the citations charging a violation of section 80.73 (b) of the Los Angeles Municipal Code.[1] In my view the demurrers to these charges were improperly sustained.
The majority gives a passing nod to the proposition that no one has a right to conduct business on city streets, but having done so fails, in my view, properly to apply the principle here. Such application leads to a clear distinction between the instant case and that of Carlin v. City of Palm Springs (1971) 14 Cal.App.3d 706 [92 Cal.Rptr. 535] relied upon by Ala Carte.
There the court was concerned with the validity of a Palm Springs ordinance which forbade the display of rate signs by hotels and motels, while not banning other signs. Although the city council had made extensive findings that such signs were distinguishable from other signs, the Court of Appeal disagreed. The court recognized that the city had broad discretion in the exercise of its police power to determine what is reasonable in protecting the public health, safety, morals and general *Supp. 12 welfare, and that the reasonable regulation of signs and billboards constituted a valid exercise of the police power. (14 Cal.App.3d at pp. 711-712.) The court held, however, that considering the counterbalancing right of a property owner to make reasonable use of his land and of a businessman to conduct a business, which rights include the display of signs, there was no valid basis for classifying a rate sign separately from other signs. (14 Cal.App.3d at pp. 712-713.)
These countervailing considerations are not present in the instant case. Ala Carte’s land, of course, is not at all involved in this case, since the scene of action is the public streets. And, Ala Carte’s general right to conduct a business is not at issue; what is at issue is Ala Carte’s right to conduct that business on the public streets as opposed to private property. “The place for the conduct of a private business is upon private property; and it has been said that there is no vested right to do business upon the public streets. .. . the highways of the state are public property. They are established and maintained at public expense for the use of the whole people, primarily as avenues of communication for their private uses, and their use for private gain is “special and extraordinary.” Having that consideration in mind, it is not only within the power of the state, but its imperative duty to so regulate their use for private gain, that it may not materially impair or destroy their usefulness as avenues of communication adequate and available for the use of all citizens for their own proper and private purposes.’ Parlett Co-Operative v. Tidewater Lines, 164 Md. 405 [165 Atl. 313, 327], citing Stephenson v. Binford, 287 U.S. 251, 264 . ...” (Pittsford v. City of Los Angeles (1942) 50 Cal.App.2d 25, 32-33 [122 P.2d 535].)
In the present case “. . . the principle applies that the place for the conduct of a private business is upon private property, for there is no vested right to do business upon the public streets. ...” (San Francisco Street Artists Guild v. Scott (1974) 37 Cal.App.3d 667, 670 [112 Cal.Rptr. 502]; see also In re Mares (1946) 75 Cal.App.2d 798, 801 [171 P.2d 762].) In People v. Galena (1937) 24 Cal.App.2d Supp. 770 [70 P.2d 724], the court had before it the conviction of a taxicab operator who had not obtained a required permit to operate his vehicle. The court rejected claims that unjust discrimination existed because other cab companies had permits (a factor finding no comparability in the case at bench, since there is an obvious distinction between a catering truck operating on the public street and a restaurant located in a building on private property). The Galena court upheld the right of the *Supp. 13 municipality to preclude the use of the streets for business purposes without a permit, saying (24 Cal.App.2d Supp. at p. 775): “.. . the common right to use streets in the ordinary way is quite different from the right to use them as a place of business for private gain. Ordinary usage is the right of all, but there is no vested or constitutional right to subject a street to the conduct of private business. Such use, when authorized, is a special or extraordinary privilege. It is an added easement or burden on the street, and is not comparable to the right to conduct lawful business on private property. Use of a public street for private enterprise may under some circumstances redound to the public good; but nevertheless it is a special privilege peculiarly subject to regulation, and one which may be granted on reasonable terms or entirely withheld. ...”
It must not be forgotten that the City of Los Angeles could ban catering trucks from its streets in their entirety. Indeed, without the enactment of section 80.73, sales of food products on the street would be forbidden by section 42.00. The ordinance here does no more than regulate the terms under which catering trucks may operate. It applies alike to all such trucks on public streets. Thus the trial court erred in branding the ordinance as a “rather naked restraint of trade” and in sustaining the demurrers addressed to the section 80.73 (b) charges.
For these reasons I would reverse the judgments (orders) of dismissal as to section 80.73 (b).
I concur in the result which affirms Ala Carte’s convictions with respect to the charges under section 80.69 (b). I agree that the record which has been furnished to us is inadequate to uphold any of Ala Carte’s claims.
A petition for a rehearing was denied September 24, 1979. Cole, P. J., was of the opinion that the petition should be granted.

All further section references are to sections of the code.